Marvin Randall
PO Box 28087
Tempe, AZ 85285
Phone: (480) 382-8130
Email: marvinrandall@gmail.com



## UNITED STATES DISTRICT COURT,
## DISTRICT OF ARIZONA

CV-12-02468-PHX-NVW

| | |
|---|---|
| Marvin Randall, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | (Unlawful Debt Collection Practices, Violation of the Telephone Consumer Protection Act) |
| Progressive Financial Services, Inc., | |
| Defendant | |

### PLAINTIFF'S COMPLAINT

Marvin Randall (hereafter "Plaintiff"), alleges the following against PROGRESSIVE FINANCIAL SERVICES, INC. (hereafter "Defendant"):

### INTRODUCTION

1. Count I on the Plaintiff's Complaint is based on violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 USC 1692 et seq.

2. Count II on the Plaintiff's Complaint is based on violation of the Telephone Consumer Protection Act ("TCPA"), 47 USC 227 et seq.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 USC 1681p, which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy."

4. Defendant, PROGRESSIVE FINANCIAL SERVICES, INC. is registered to do business in the state of Arizona, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

6. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

7. Plaintiff is a natural person residing in the city of Tempe, in Maricopa County, AZ.

8. Plaintiff is a consumer as defined by 15 USC 1692a(d).

9. Defendant is a Pennsylvania corporation with headquarters in Tempe, AZ.

10. Defendant is a debt collector as defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 USC 1692a(6).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. On November 18, 2011, Plaintiff received a communication in the form of a phone call from phone number 888-441-5024 ("First Call"). Plaintiff did not recognize the number and did not answer the call.

13. A few moments later, Plaintiff noticed that the caller left a voice mail.

14. Plaintiff performed an internet search and learned that the phone number belonged to Defendant.

15. Upon further research, the Plaintiff ascertained the Defendant is a debt collector.

16. Plaintiff retrieved his voice mail and heard a pre-recorded message left by the Defendant.

17. The purpose of the call was to induce the Plaintiff to call the Defendant.

18. Plaintiff was and remains unaware of any debt claimed due to the Defendant or its clients.

19. The Defendant did not have prior express consent to call and leave such messages on the Plaintiff's cellular phone.

20. On November 21, 2011, Plaintiff received a communication in the form of a phone call from phone number 888-441-5024 ("Second Call").

21. After a few moments, Plaintiff noticed that there was another voice mail message left.

22. Plaintiff retrieved his voice mail and heard a pre-recorded message left by the Defendant.

23. The Defendant did not have prior express consent to call and leave such messages on the Plaintiff's cellular phone.

24. On November 22, 2011, Plaintiff received a communication in the form of a phone Plaintiff received a communication in the form of a phone call from phone number 888-441-5024 ("Third Call").

25. Plaintiff retrieved his voice mail and heard a pre-recorded message left by the Defendant.

26. The Defendant did not have prior express consent to call and leave such messages on the Plaintiff's cellular phone.

27. In reviewing the voice mail messages left after each call, the pre-recorded voice does not identify that the caller is a debt collector.

28. Each voice mail left is considered a communication under the FDCPA.

29. After each call, Plaintiff suffered emotional distress and harassment due to the Defendant's phone calls and voice mails.

30. Defendant failed to send a dunning letter within 5 days after the initial communication occurring on November 18, 2011, as required under 15 USC 1692g(a).

31. The Defendant did not have prior express consent, or implied consent to call and leave such messages on the Plaintiff's cellular phone.

32. According to the Defendant's website, they utilize automated dialers in contacting alleged debtors.

33. The use of automated dialers to leave pre-recorded, non-emergency voice mails on a cellular phone are a violation of the TCPA.

## COUNT I

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

34. Defendant violated the Fair Debt Collection Practices Act in the following ways:

   a) By delivering a pre-recorded message without providing meaningful disclosure that the caller was a debt collector, in violation of 15 USC 1692e;

   b) By failing to send an initial dunning letter within 5 days of initial communication, in violation of 15 USC1692g(a);

   c) By using of unfair means to collect a debt, specifically, the violation of other consumer protection laws, in violation of 15 USC 1682f.

## COUNT II

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

35. Defendant violated the Telephone Consumer Protection Act in the following ways:

   a) In placing the First Call using an automatic dialing device to deliver a pre-recorded telephone message to elicit a return phone call regarding an alleged debt to Plaintiff's cellular phone, without having Plaintiff's prior express consent, Defendant willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2).

   b) In placing the Second Call using an automatic dialing device to deliver a pre-recorded telephone message to elicit a return phone call regarding an alleged debt to Plaintiff's cellular phone, without having Plaintiff's prior express consent, Defendant willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2).

   c) In placing the Third Call using an automatic dialing device to deliver a pre-recorded telephone message to elicit a return phone call regarding an alleged debt to Plaintiff's cellular phone, without having Plaintiff's prior express

consent, Defendant willfully violated 47 U.S.C. §227(b)(l)(B) and 47 C.F.R. §64.1200(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marvin Randall, respectfully requests judgment be entered against the Defendant, PROGRESSIVE FINANCIAL MANAGEMENT INC, for the following:

### AS TO COUNT I

36. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 USC 1692k.

### AS TO COUNT II

38. Declaratory judgment that Defendant's conduct violated the Telephone Consumer Protection Act;

39. Statutory damages in the amount of $500.00 per phone call, pursuant to the Telephone Consumer Protection Act, 47 USC 227;

40. A finding that each phone call made to the Plaintiff are subject to treble damages, pursuant to 47 USC 227(b)(l)(B).

### AS TO ALL COUNTS

41. Actual damages;

42. Costs pursuant to the Fair Debt Collection Practices Act, 15 USC 1692k;

43. Any other relief the Honorable Court deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff, Marvin Randall, demands a jury trial in this cause of action.

///

Dated this 9th day of November, 2012

_____
Marvin Randall